IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------ : | |
| MICHAEL W. HOUT, et al., : | CASE NO.  1: 04 CR 1127 |
| : | |
| Plaintiffs, : | |
| : | ORDER GRANTING DEFENDANTS' |
| -vs- : | JOINT MOTION (Doc. 183) TO STRIKE |
| : | PLAINTIFF'S NOTICE OF FILING |
| : | ADDITIONAL EVIDENCE (Doc. 181) |
| CITY OF MANSFIELD, OHIO, et al., : | |
| : | |
| Defendants. : | |
| ------------------------------------------------------ : | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Defendants City of Mansfield, Ohio ("the City"), Angelo Klousiadis, F.L. Fisher (the "Mansfield Defendants"), AFSCME Council 8 and AFSCME Local 3088 (the "Union Defendants"), and Carline Curry ("Ms. Curry") move this Court to strike the Plaintiffs'[1] "Notice of Filing Additional Evidence in Support of Plaintiff's Memorandum Contra Defendants . . . Motions for Summary Judgment." (Docs. 181, 183).  Plaintiffs issued a response in opposition.  (Doc. 184).

Plaintiffs seek to put before the Court as evidence in this matter statements made by defendant Carline Curry in a separate legal action in a separate Federal Court – Carline Curry v. City of Mansfield, et al., 1:05 CV 02094.  Ms. Curry's statements are contained in her *pro se* Motion for Reconsideration of that Court's grant of summary

---

[1]Collectively the Plaintiffs are Michael W. Hout, Jeff Gibson, Troy Benick, Peter Neumann, Lewis A. Workman, Tyler Merritt, Jr., and Miles H. Jessee.

judgment in favor of the defendants and against Ms. Curry.  (Doc. 181 p. 2).

Plaintiffs in the case before this Court wish to have the following statements, made by Ms Curry in her Motion for Reconsideration in Case 5 CV 2094, admitted as additional evidence in support of the Plaintiffs' opposition to the Defendants' Motions for Summary Judgment:

1. "The City took away Plaintiff Curry's right to discipline employees and employees were not disciplined until Mr. Fogt came to the plant and told [Defendant] Angelo [Klousiadis] to start writing the employees up they were playing games." (Motion for Reconsideration p. 8).

2. "Mr. Fogt [sic] initiated the write ups for Troy & Jeff;" (Id. p. 10).

3. "I started sending them [referring to write-ups] to Mr. Susany also the attorney the City hired for me; maybe he was the reason Mr. Fogt told Angelo he wanted the guys written up." (Id. p. 13).

4. "[Plaintiffs] Benick and Gibson did not receive disciplinary reports until Mr. Fogt told [Defendant] Angelo [Klousiadis] to discipline them.  If Mr. Fogt had not died he could of verified that information . . . . Benick served a 34 day suspension without pay (he was the best employee and he was the one that got in trouble.)" (Id. p. 18).

Pursuant to the Federal Rules of Civil Procedure, summary judgment is to be decided on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any."  Fed.R.Civ.P. 56(c).  In rendering a summary judgment ruling a court may only take into account material that would be admissible or usable at trial.  Horta v. Sullivan, 4 F.3d 2 (1st Cir. 1993);  10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2721, at 40 (2d ed. 1983).  In this instance, the unsworn statements proferred by the Plaintiffs are mere allegations and conjecture, insufficient to raise a genuine issue of material fact.  Accordingly, they will not be admitted pursuant to Fed. R. Civ. P. 56.

2

While unsworn statements must be disregarded by the court when ruling on a motion for summary judgment, <u>Dole v. Elliott Travel & Tours, Inc</u>., 942 F.2d 962, 968-69 (6th Cir.1991), a statutory exception to this rule exists which permits an unsworn declaration to substitute for a conventional affidavit if the statement contained in the declaration is made under penalty of perjury, certified as true and correct, dated, and signed. <u>See</u> 28 U.S.C. § 1746; <u>see also</u> <u>Williams v. Browman</u>, 981 F.2d 901, 904 (6th Cir.1992). However, none of Ms. Curry's unsworn statements, proffered by the Plaintiffs, fall within the ambit of section 1746. Accordingly the Court cannot consider the additional evidence.

Finally, the Court cannot consider the proffered statements in ruling on the summary judgment motions as Ms. Curry's statements represent inadmissible hearsay (statements 1,2 & 4) or lack foundation based on Ms. Curry's personal knowledge (statement 3). <u>See</u> Fed. R. Evid. 801(c), 802, 602; see also Fed. R. Civ. P. 56(e), <u>Moore v. Holbrook</u>, 2 F.3d 697, 699 (6th Cir.1993).

For the foregoing reasons, the Defendants' Joint Motion to Strike Plaintiffs' Notice of Filing Additional Evidence is granted.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: <u>31 March 2008</u>